UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11422-RGS

JASON T. BROWN,

v.

CHELSEA POLICE DEPARTMENT

MEMORANDUM AND ORDER

September 1, 2016

BACKGROUND

Plaintiff Jason T. Brown (Brown) filed the instant action against the Chelsea Police Department (CPD) alleging that at his criminal trial, Officer Walczak (Walczak) testified and made several perjured statements against him.

On July 19, 2016, Magistrate Judge Dein issued a Memorandum and Order (Dkt. # 4) directing Brown to demonstrate good cause why this action should not be dismissed in its entirety because Brown failed to state a claim upon which relief may be granted based on violations of federal criminal statutes, and failed to state cognizable civil rights claims because the CPD was not a suable entity and because there was no *respondeat superior* liability of the CPD under 42 U.S.C. § 1983 for alleged wrongful actions of its

employees.  Further, the Memorandum and Order noted that Walczak was entitled to absolute immunity for statements made in the course of Brown's criminal trial.

On August 23, 2016, Brown filed a Show Cause Response (Dkt. # 7). Brown contends that the CPD should be held liable under § 1983 because it is responsible for its municipal employees, and because municipalities may be held responsible for a single decision made by a policymaker or enforcer, citing, *inter alia*, *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691 (1978).  He further claims that the CPD established a special relationship with him by virtue of its charging and booking, its failure to release camera footage of his booking, and its awareness of the potential harm to him by being found guilty of a crime he did not commit.  Moreover, Brown argues that the CPD, as a policymaker, is responsible for the actions of Walczak because he wears a CPD uniform and represents the CPD.  Brown maintains that the CPD can be sued, but requests that if the court determines the CPD is not a suable entity, then he seeks leave to amend the Complaint and substitute the City of Chelsea instead.

Next, with respect to claims against Walczak, Brown contends that absolute immunity for his statements at trial does not apply because

immunity only applies to officers action in the scope of his or her duties, citing to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

On August 31, 2016, this action was reassigned to this court for further proceedings.

## DISCUSSION

This Court does not find Brown's Show Cause Response to have demonstrated sufficiently a basis for claims against the CPD or Walczak. First, with respect to Walczak, Brown's reliance on *Bivens* is misplaced. As discussed in detail in the prior Memorandum and Order, Walczak is entitled to absolute immunity for his testimony in Brown's criminal trial. It is beyond peradventure that a police officer's testimony in connection with criminal charges is within the scope of employment. Moreover, as noted, Supreme Court case law makes clear that this immunity applies even where the police officer is alleged to have committed perjury. Accordingly, all claims against Walczak are <u>DISMISSED</u> with prejudice.

Second, with respect to the claims against the CPD, Brown's allegations that *respondeat superior* liability applies to § 1983 claims belies established law. Moreover, Brown has not demonstrated that the CPD is a suable entity. Therefore, all of Brown's claims against the CPD are <u>DISMISSED</u> with prejudice.

Finally, even assuming this court permitted Brown to amend his Complaint to substitute the City of Chelsea for the CPD, his assertion of municipal liability does not, in this form, state a plausible claim upon which relief may be granted.  Brown has not set forth any underlying factual basis that the City of Chelsea's "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" inflicted an injury for which the City is liable under § 1983.  *Monell*, 436 U.S. at 694.  This "official policy" requirement "was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to actions for which the municipality is actually responsible."  Id. (italics in original).

In order to state a claim for municipal liability of the City of Chelsea, Brown must set forth facts that describe the government policy and show that the execution of the governmental policy caused the constitutional injury.  This can be done by showing that there was an" explicit setting of a policy by the government" or by an "action of a policymaker within the government," or by "the adoption by a knowing failure to act by a policymaker of actions by his subordinates that are so consistent that they have become 'custom,'" or by "the failure of the government to respond to a need (for example, the training of employees) in such a manner as to show

'deliberate indifference' to the risk that not addressing the need will result in constitutional violations." *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003); *see Young v. City of Providence*, 404 F.3d 4, 25-26 (1st Cir. 2005). With respect to a governmental practice that constitutes custom or usage, "a plaintiff must show that the duration and frequency of the custom or practice is so well-settled and widespread so that the policymakers of the municipality can be considered to have had actual or constructive knowledge of the practice. *Bordanaro v. McLeod*, 871 F.2d 1151, 1156 (1st Cir. 1989). A custom cannot be proven by a single incident alone. *See City of Oklahoma v. Tuttle*, 471 US 808, 823-24 (1985).

Here, since Brown has alleged only generalized and conclusory allegations against the City of Chelsea, he will be afforded an opportunity to set forth his claims in an Amended Complaint.

Accordingly, this action will be <u>DISMISSED</u> unless Brown files an Amended Complaint, within 35 days of the date of this Memorandum and Order, setting forth plausible claim(s) upon which relief may be granted against the City of Chelsea. Such claim(s) shall comply with Rule 8 of the Federal Rules of Civil Procedure and set forth underlying facts to support any claims for municipal liability.

Failure to comply with these directives will result in a dismissal of this action.

## ORDER

Based on the foregoing, it is hereby Ordered that:

1. All of plaintiff's claims against Officer Walczak are <u>DISMISSED</u> with prejudice;

2. All claims against the Chelsea Police Department are <u>DISMISSED</u> with prejudice;

3. Within 35 days of the date of this Memorandum and Order, plaintiff shall file an Amended Complaint against the City of Chelsea setting forth plausible claims in accordance with Rule 8 of the Federal Rules of Civil Procedure, failing which, this action shall be dismissed.

SO ORDERED.

<u>/s/ Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE